## MARTIN v. ILLINOIS CENT. R. CO.

Circuit Court of Appeals, Fifth Circuit.
January 3, 1928.

No. 5157.

1. Trial ⚎139(1)—Court must direct verdict in favor of party to whom new trial should be awarded, in event of adverse verdict.

If, in sound discretion of the court, a new trial should be awarded party asking for direction of verdict, in the event of an adverse verdict, it is the duty of the court to direct the verdict for such party, if requested.

2. Railroads ⚎400(14)—Evidence of negligence under last clear chance doctrine as to boy sleeping on track held insufficient for jury.

Evidence of negligence of railroad under last clear chance doctrine held insufficient for jury in action for death of boy asleep on tracks, where boy was first seen by engineer at distance of only about 150 feet.

In Error to the District Court of the United States for the Northern District of Mississippi; Edwin R. Holmes, Judge.

Action by W. M. Martin, administrator of the estate of Eugene Martin, deceased, against the Illinois Central Railroad Company. Judgment for defendant on a directed verdict, and plaintiff brings error. Affirmed.

J. A. Cunningham, of Booneville, Miss., for plaintiff in error.

J. O. S. Sanders, of Jackson, Miss. (May, Sanders & McLaurin, of Jackson, Miss., and R. V. Fletcher, of Chicago, Ill., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This was a suit to recover damages for the death of plaintiff in error's minor son, alleged to have been caused by the negligence of defendant in error. The parties occupied the same relative positions in the District Court and will be so referred to. At the close of the evidence a verdict was directed for defendant, and error is assigned thereto.

It appears from the record that decedent, a boy 15 years of age, went to sleep on the tracks of defendant and was run over by the front trucks of the engine drawing a train of 51 cars, injuring him so badly that he shortly thereafter died. Negligence of the decedent, otherwise barring recovery, is not denied; but plaintiff relies upon the doctrine of the last clear chance, and contends that efforts were not promptly made to stop the train after the danger to the boy was discovered by the engineer.

The engineer of the train testified that he discovered the boy on the track when he was about 150 feet away from him; that he immediately blew the emergency whistle, and at the same time shut off the throttle, applied the emergency brakes, and reversed the engine; that the boy was difficult to see, as he was wearing an old, dirty sweater and a pair of dark yellow trousers, and was lying flat on the track, with his head and body in between the rails and his legs over one of them; that the place of the accident was

in a cut, and the track was in the shadow from one of the banks; that his train was moving about 15 miles an hour, and could not be stopped in less than 160 feet. The engineer is corroborated by the other members of the train crew as to the speed of the train and the prompt efforts to stop it. There is no evidence in the record warranting the conclusion that the engineer saw or should have seen the boy before he says he did.

As against this plaintiff has endeavored to show by a number of witnesses that the engineer first blew the emergency whistle in the endeavor to have the boy leave the track before the train reached him, and waited some time before applying the emergency brakes. These witnesses were distant from the accident from 200 yards to three-quarters of a mile, and say they could hear the noise of the emergency brake being applied. They estimate the time between the first blowing of the whistle to the putting on of the emergency brake variously at from one minute to one minute and one-half, and some of them estimate the speed of the train at from 8 to 10 miles per hour.

[1, 2] The rule is well settled that, in federal courts, though there may be some conflict in the evidence, if in the sound discretion of the court a new trial should be awarded the party asking the direction, in the event of an adverse verdict, it is the duty of the court to direct a verdict. The engineer, of course, was in the best position to testify as to what he saw and what he did, and, giving full credence to his testimony, there is no room for the application of the doctrine of the last clear chance to impress defendant with negligence.

Estimates of time and distance of bystanders witnessing an accident are notoriously inaccurate, and entitled to little weight at best. In this case the evidence tending to show a negligent delay in applying the brakes is very weak, and its effect is totally destroyed by the physical facts. If the lowest estimate of the speed of the train, 8 miles per hour, be adopted, it is evident that the train would have run over 700 feet in one minute. It is not pretended that the engineer did not blow the emergency whistle as soon as he saw the boy. If he had delayed at all in applying the brakes, the entire train would have passed over him, instead of only the front trucks of the engine.

The conclusion is inevitable that the engineer was not guilty of negligence. The record presents no reversible error.

Affirmed.